THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR21-0022-JCC |
| Plaintiff, | ORDER |
| v. | |
| KEVIN ANTOINE JONES, *et al.*, | |
| Defendants. | |

This matter comes before the Court on the Government's unopposed motion for a protective order governing discovery produced to Defendants Kevin Antoine Jones and Kevin Wayne Jones (Dkt. No. 22). Having considered the motion and the relevant record, the Court hereby ENTERS the following ORDER governing material produced to Kevin Antoine Jones and Kevin Wayne Jones:

1. Protected Material.

Any material designated by the Government as Protected Material shall be subject to the terms of this Order.

The United States will make available copies of the Protected Material, including those filed under seal, to defense counsel to comply with the Government's discovery obligations. Possession of copies of the Protected Material is limited to the attorneys of record, and investigators, paralegals, law clerks, experts, and assistants for the attorneys of record

(hereinafter collectively referred to as members of the defense team).

The attorneys of record and members of the defense team may share and review the Protected Material with the Defendants. The attorneys of record and members of the defense team acknowledge that providing copies (in any form) of the Protected Material to the Defendants and other persons is prohibited, and agree not to duplicate or provide copies of the Protected Material to the Defendants and other persons. The exception to this prohibition is the dissemination of electronic copies to officials of the Federal Detention Center at SeaTac, Washington, for use in a controlled environment by the Defendants if they are in custody there. Any violation of these prohibitions constitutes a violation of the Protective Order. Further, the attorneys of record are required, prior to disseminating any copies of the Protected Materials to members of the defense team, to provide a copy of this Protective Order to members of the defense team, and obtain written consent by members of the defense team of their acknowledgment to be bound by the terms and conditions of this Protective Order. The written consent need not be disclosed or produced to the United States unless requested by the Assistant United States Attorney and ordered by the Court. Nothing in this order should be construed as imposing any discovery obligations on the Government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure.

2. Filing

Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

3. Nontermination

The provisions of this Order shall not terminate at the conclusion of this prosecution.

4. Violation of Any Terms of this Order

Any violation of any term or condition of this Order by the Defendants, their attorneys of record, any member of the defense teams, or any attorney for the United States Attorney's Office for the Western District of Washington, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

If the Defendants violate any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the defendant's violation.

5.   Right to Review

The parties agree that in the event that compliance with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on counsel, defense counsel shall bring any concerns about the terms of the Order to the attention of the Government. The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, defense counsel shall have the right to bring any concerns about the scope or terms of the Order to the attention of the Court.

The terms of this Order apply to current defense counsel, as well as to any successor defense counsel and team members.

DATED this 19th day of February 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE